**ORIGINAL**

**FILED**

MAY 1 3 2014

## In the United States Court of Federal Claims

U.S. COURT OF FEDERAL CLAIMS

No. 14-391L
(Filed: May 13, 2014)

```
*****************************************
NADA MARTL,                              *
                                         *
                    Plaintiff,           *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                    Defendant.           *
*****************************************
```

## ORDER OF DISMISSAL

In her complaint, filed pro se, plaintiff Nada Martl alleges that the United States took her property in violation of the Fourth, Fifth, and Tenth Amendments to the United States Constitution. In particular, she alleges that while she was outside of the United States receiving medical treatment, the United States District Court of the District of Hawaii improperly ordered and supervised the sale of real property that she owned in the state of Hawaii. She therefore seeks damages of $8 million, an amount that she asserts reflects the fair market value of the property. As explained below, the court lacks jurisdiction to entertain plaintiff's claims and therefore must dismiss plaintiff's complaint.

### I. DISCUSSION

#### A. Jurisdiction in the United States Court of Federal Claims

Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court on its own initiative may challenge the existence of subject matter jurisdiction at any time. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

The ability of the United States Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395

U.S. 1, 4 (1969). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in plaintiff's favor. Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995). A pro se plaintiff's complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). However, a pro se plaintiff is not excused from meeting basic jurisdictional requirements. See Henke, 60 F.3d at 799 ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be."). In other words, a pro se plaintiff is not excused from her burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

### B. The Court Lacks Jurisdiction to Entertain Plaintiff's Claims

Upon reviewing plaintiff's complaint and the attached exhibits, the court finds that it lacks jurisdiction to consider plaintiff's claims for several reasons. First, the court lacks jurisdiction to entertain claims under the Fourth and Tenth Amendments because those amendments do not mandate the payment of money damages. Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (Fourth Amendment); Ogden v. United States, 61 Fed. Cl. 44, 47 (2004) (Tenth Amendment). Second, the court lacks jurisdiction to entertain claims under the Due Process Clause of the Fifth Amendment because the clause does not mandate the payment of money damages. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Third, while the court does possess jurisdiction to consider claims under the Just Compensation Clause of the Fifth Amendment, it may only exercise that jurisdiction when the plaintiff concedes that the government's actions in taking the property were legitimate. Reg'l Rail Reorg. Act Cases, 419 U.S. 102, 126-27 & n.16 (1974); Tabb Lakes, Ltd. v. United States, 10 F.3d 796, 802-03 (Fed. Cir. 1993). Here, plaintiff contends that the government's actions were not legitimate.

Moreover, despite plaintiff's contention that the judgement of the district court in Hawaii is irrelevant to her present action, it is clear that plaintiff is attempting to challenge that judgment in this court. However, the court lacks the authority to review the judgments of federal district

courts. As explained by the United States Supreme Court:

> Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ . . . [a] collateral attack on the judgment would–quite apart from any considerations of fairness to the parties–disturb the orderly operation of the federal judicial system.

U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 27 (1994); accord Vereda, Ltda. v. United States, 217 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal." (quoting Allustiarte v. United States, 256 F.3d 1349, 1352 (Fed. Cir. 2001))); Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts.").

Finally, the court lacks jurisdiction to consider plaintiff's claims under the doctrine of collateral estoppel. Under this doctrine, which is also known as issue preclusion, a party is foreclosed from relitigating an issue that has already been decided. Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n. 1 (1984). To establish issue preclusion, the following four elements must be satisfied:

> (1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action.

In re Freeman, 30 F.3d 1459, 1465 (Fed. Cir. 1994). Plaintiff first challenged the Hawaii district court's actions in this court in 2009. In that case, plaintiff alleged that the district court effected a taking of her real property, and in the process denied her due process of law and committed legal error. Martl v. United States, No. 09-299, slip op. at 2 (Fed. Cl. Jan. 29, 2010). She sought $8 million in just compensation or the return of her property before it was sold by the government. Id. Defendant moved to dismiss plaintiff's complaint for lack of jurisdiction, and plaintiff filed a response in opposition to defendant's motion. Id. at 1. Upon considering the parties' briefs, the court held that it lacked jurisdiction over plaintiff's claims because it was not authorized to review the actions of a federal district court. Id. at 3. It therefore dismissed plaintiff's complaint. Id. at 4. The claims that plaintiff asserted in the 2009 case are virtually identical to her present claims; in both cases plaintiff contends that the district court in Hawaii took her property without just compensation. Because a court has already ruled on those claims after providing plaintiff a full and fair opportunity to litigate them, and because the resolution of those claims was essential to the court's decision to dismiss plaintiff's complaint, plaintiff is precluded from litigating them again in this matter.

### III. CONCLUSION

For the reasons set forth above, the court concludes that it lacks jurisdiction to entertain plaintiff's claims. The court therefore **DISMISSES** plaintiff's complaint without prejudice. However, plaintiff remains responsible for paying the full filing fee; according to the court's records, plaintiff only paid $250 of the $400 fee. Thus, the court **ORDERS** plaintiff to pay the remaining $150, as previously instructed by the clerk's office. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

_____
MARGARET M. SWEENEY
Judge